✎ AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
Teddy Coppedge
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 08-79M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
   for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by _____ clear and convincing evidence _____ a preponderance of the evidence: Defendant waived his right to a preliminary hearing. As a result the court relies upon the criminal complaint with affidavit for the facts in this matter. For the reasons contained herein, the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community:
**Nature of the offense**: Defendant is charged with possession of a weapon by a convicted felon. Defendant faces a serious charge having previously been convicted of carrying a concealed deadly weapon in November 2004, possession with intent to deliver a narcotic schedule I controlled substance in April 2006 and delivery of a narcotic schedule I controlled substance within 1000 feet of a school in April 2006.
**Strength of the evidence**: Defendant's vehicle was searched and the glove compartment a saucer 9 mm handgun was found. After being Mirandized defendant admitted that the firearm was his. In addition, he also admitted that the MJ found in the vehicle was his. He further stated that an individual got into his car to buy MJ from defendant. During that exchange, the person produced a gun and offered to sell it to defendant. Defendant admitted purchasing the gun for $300 and $100 worth of crack. Therefore, defendant not only admitted to possession of the weapon which was found, but also two drug transactions. Although he is not presently charged with any drug offense, his conduct reflects upon the third element that this court must consider, that is, characteristics of defendant.
**Characteristics of defendant**: As not above, defendant within the past 3 ½ years has been convicted of a weapons offense and 2 drug offenses. He has 3 FTAs which he explains as a mixup in his correct address. He did complete his probation for the offenses and was discharged. He is a 5 years resident of this area and at the time of the offense, for the most part lives with his girlfriend and their children. He is presently going to barber school and plans to graduate this August and take his boards in October. He admittedly smokes 2 blunts a day of MJ despite having undergone treatment through the Crest Program and the Key Program. He lives with his girlfriend when they aren't fighting. He had available to him a stable living arrangement with an educational program ongoing, yet continued in his past criminal activity. He does not feel tht he has a drug problem claiming that he can quit anytime- but hasn't despite treatment.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| April 15, 2008 | /s/ Mary Pat Thynge |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).